UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Stephanie Margaret-Ann Horner,

           Plaintiff,      Case No. 25-12244

v.                                Judith E. Levy
                                United States District Judge

Jerome Cavanaugh,
                                Mag. Judge Kimberly G. Altman

           Defendant.

_____/

## ORDER DISMISSING THE CASE WITHOUT PREJUDICE

Plaintiff Stephanie Margaret-Ann Horner initiated this *pro se* lawsuit on July 22, 2025 against Judge Jerome Cavanaugh of the Third Judicial Circuit Court of Michigan. (ECF No. 1.) Because Plaintiff has been granted permission to proceed *in forma pauperis* (ECF No. 5), the Court must screen her complaint to see if it fails to state a claim or is frivolous. *See* 28 U.S.C. § 1915(e)(2)(B).

When a plaintiff proceeds without counsel, the Court must liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *See Sutton v. Mountain High Invs., LLC*, No. 21-1346, 2022 WL 1090926, at *2 (6th Cir. Mar. 1, 2022)

(citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). "But the rule that *pro se* filings should be liberally construed does not exempt *pro se* litigants from basic pleading standards." *Johnson v. E. Tawas Hous. Comm'n*, No. 21-1304, 2021 WL 7709965, at *1 (6th Cir. Nov. 9, 2021) (citing *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

To state a claim upon which relief may be granted, a complaint must allege enough facts that, when assumed true, "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Federal Rules of Civil Procedure require that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). "[D]etailed factual allegations" are not necessary, but under Rule 8(a) the pleading must 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Plaintiff brings suit against Judge Cavanaugh, but does not describe what happened, how she was harmed, or what Judge Cavanaugh did or failed to do that harmed her.

2

In the section of the form that asks Plaintiff to describe why the basis of jurisdiction is federal question subject matter jurisdiction, Plaintiff states, "THERE IS A QUESTION OF PATERNITY INVOLVING 2 RAPE HAZING CASES, SO IT WOULD BE JUDICIAL MISCONDUCT/PROFESSIONAL MALPRACTICE (FOREIGN JUDGMENT), FALSE CLAIMS." (ECF No. 1, PageID.4.) The entirety of Plaintiff's statement of her claim is, "THEY NEED SWAB TESTS, AND THE CASE IT'S SELF WAS NEVER ACTUALLY FILED IT'S JUST AN EXTRAJUDICIAL KIDNAPPING." (*Id.* at PageID.5.) Finally, Plaintiff pleads that she is entitled to 7 million dollars in damages. (*Id.* at PageID.6.)

The Court concludes that Plaintiff's complaint fails to state a claim. Plaintiff's complaint does not include any comprehensible facts on what happened to her, how she was harmed, or what Defendant did or did not do. Without these key allegations, Plaintiff does not give Defendant fair notice of her claims. As such, Plaintiff's complaint does not comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim. This suit must be dismissed.

For the reasons set forth above, the case is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B).

IT IS SO ORDERED.

Dated: July 29, 2025  
Ann Arbor, Michigan

s/Judith E. Levy  
JUDITH E. LEVY  
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 29, 2025.

s/William Barkholz  
WILLIAM BARKHOLZ  
Case Manager